STATE ex rel. NIX

v.

McFAUL, Sheriff.

[Cite as *State ex rel. Nix v. McFaul* (1998), 129 Ohio App.3d 662.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75121.

Decided Sept. 4, 1998.

*Uche Mgbaraho,* for petitioner.

PORTER, Presiding Judge.

Petitioner Bobby Nix avers that he is in the custody of the sheriff because the court of common pleas revoked his $50,000 bond and set new bail of $500,000

after granting a surety company's motion for surrender, release of liability, and stay of execution. Petitioner further avers that the increase resulted from his failing to appear in court "due to mix [*sic*] dates with his counsel." Petitioner argues that the increase in the bail amount is excessive and requests that this court order his bail reduced.

Petitioner (a.k.a. James West) is the defendant in Cuyahoga County Court of Common Pleas case Nos. CR–358580, 360560, 360631, 361965 and 363767. Petitioner is charged with several counts of possession of drugs, possession of criminal tools, and trafficking in cocaine. Trial is set for September 30, 1998, at petitioner's request.

This court contacted counsel for the state, who indicated that a response to the petition would be filed on September 3, 1998. No response has been filed. Further delay is inappropriate.

The petition is supported by petitioner's affidavit, in which he avers:

(a) he missed a pretrial due to miscommunication with his attorney;

(b) he came to court voluntarily when he discovered that he had failed to appear;

(c) he posted a new bond and did not miss any more court dates;

(d) he was not informed that the surety company sought release and surrender of the bond; and

(e) he was born in Cleveland, grew up in Cleveland, has all of his family members in Cleveland, and has not lived outside of Cleveland.

In light of petitioner's unchallenged averments, we find that petitioner is entitled to a reduction in the amount of bail. Cf. *Miller v. McFaul* (Sept. 30, 1997), Cuyahoga App. No. 73214, unreported.

Accordingly, petitioner's request for relief in habeas corpus is granted. Bail is reduced to $100,000. Respondent to pay costs.

*Judgment accordingly.*

KARPINSKI and JAMES D. SWEENEY, JJ., concur.